IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GLEN D. SCHOENHALS, )
)
Plaintiff, )
)
vs. ) Case No. CIV-10-1374-C
)
UNUM LIFE INSURANCE COMPANY )
OF AMERICA, A Maine Corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking to recover Short Term ("STD") and Long

Term Disability ("LTD") payments from a policy he purchased from Defendant. Plaintiff

was employed as a neurosurgeon. Plaintiff alleges that due to numerous stressors he became

unable to perform his job, and as a result he became eligible to receive policy benefits from

Defendant. When Defendant disagreed that Plaintiff was disabled and denied his request for

benefits, this action was filed.

The parties are in agreement that this matter is governed by the Employee Retirement

Insurance Security Act of 1974, 29 U.S.C. §§1001, *et seq*. ("ERISA"). As a general rule,

cases proceeding under that statute are limited to review of the administrative record. See

Hall v. UNUM Life Ins. Co. of America, 300 F.3d 1197, 1202 (10th Cir. 2002). The Court's

task is to determine if the plan administrator abused its discretion in making decisions

regarding coverage. Holcomb v. UNUM Life Ins. Co. of America, 578 F.3d 1187, 1192

(10th Cir. 2009). However, where, as here, the administrator is also the plan provider, it

operates under an inherent conflict of interest. In that instance, the Court must engage in a

review of a combination of factors to determine to what extent the conflict may have affected the decision. Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008). It is the extent of the information that may be considered in evaluating these factors that leads to the present dispute. Plaintiff argues that discovery is needed to fully develop the issue of the conflict. Defendant objects, arguing that Plaintiff's proposed discovery is overly broad. In the alternative, Defendant asserts that no discovery is necessary because Plaintiff cannot prevail on his claim as a matter of law and therefore it will be unnecessary to examine and evaluate the extent of any conflict.

The Court's resolution of this discovery dispute is governed by Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010). In that case, the Circuit noted that a court could not properly consider additional information on eligibility but that extra-record discovery on the nature and extent of the insurer's conflict of interest was proper. The Murphy court notes that such discovery is governed by Fed. R. Civ. P. 26. Rule 26 limits discovery to relevant information which, if not admissible, is at least reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). In measuring whether the discovery is within the scope of Rule 26, the Circuit set forth two criteria: First, does the requested discovery fall within ERISA's goal of a speedy, inexpensive, and efficient resolution of a claim. Second, does the requested discovery's cost or burden outweigh its potential benefits. Although these factors are not all-inclusive or dispositive, they provide the framework for analyzing the issue.

Plaintiff's proposed discovery seeks information related to the decisionmakers on his claim, their pay, including any incentive plan, information on "medical" personnel involved in the decisionmaking and their pay, and the policies and/or procedures governing the handling of Plaintiff's claim and whether those procedures differ for a non-ERISA case. Defendant's only real objection is to the inquiry into pay and/or incentive issues. On that issue, Defendant argues that Plaintiff has not made any showing of bias or prejudice arising from financial interest in denying claims. Defendant's argument ignores the facts. Even a cursory review of the evidence supports that Defendant has conceded that a conflict exists. Defendant pays benefits and decides whether benefits should be paid. Certainly an inherent conflict exists, as the more claims are denied the more premiums are retained. Whether or not some employee is rewarded financially or otherwise based on claims handling certainly sheds some light on the extent of Defendant's conflict. Indeed, as the Murphy court noted in footnote 7, the information may actually bolster Defendant's claim that the conflict is very small. That Plaintiff has narrowed his request to those individuals involved in the decisionmaking on his claim makes his request sufficiently narrowly tailored. This factor weighs in favor of discovery.

The second factor is whether the expense of the discovery is outweighed by its benefit. Defendant raises two objections on this ground. First, Defendant argues that its decision was correct. In support, Defendant points to certain medical records and other samples from the administrative record that it argues demonstrates the correctness of the denial of benefits. In contrast, Plaintiff points out several irregularities in Defendant's claim

3

handling procedure. The short answer is that a decision on the correctness of Defendant's decision cannot be made solely on selected parts of the record. Plaintiff has noted enough issues to meet its burden of obtaining discovery. Murphy, 619 F.3d 1163.

As for the second, Defendant argues that Plaintiff's claim is time-barred because it was not raised within the time frame set forth by the policy. A limitations defense is an affirmative defense which must be raised in the Answer or waived. See Fed. R. Civ. P. 8(c)(1). Defendant did not raise the limitations period in its answer; therefore, the defense is waived.

For the reasons set forth herein, the Court finds Plaintiff has demonstrated sufficient grounds to satisfy his burden of showing entitlement to limited discovery. Accordingly, Plaintiff's Motion for Discovery Relating to the Dual Role Conflict of Interest Issue (Dkt. No. 15) is GRANTED. Plaintiff shall properly serve his discovery requests on Defendant within 5 days of the date of this Order. Defendant shall provide complete responses to that discovery within 30 days. Once that discovery has been provided, the parties shall confer on a schedule for the remaining issues in the case.

IT IS SO ORDERED this 20th day of June, 2011.

ROBIN J. CAUTHRON
United States District Judge